Stephen A. Sacca, Esq. Town Attorney, Wilson
You have asked whether a town, in establishing a Conservation Board, may by local law modify the powers of such board set forth by State law.
The local legislative body of a city, town or village may create a Conservation Advisory Council to render advice in the development, management and protection of the municipality's natural resources (General Municipal Law, § 239-x). Generally, the Council is responsible for identifying open land areas within the municipality, for obtaining information regarding the proper utilization of this land and for advising municipal officials regarding the recommended use of this land (ibid.). The local legislative body of a municipality that has created a Conservation Advisory Council by resolution may redesignate it a Conservation Board, provided the Council has prepared and submitted to the local legislative body the open area inventory and map and that body has approved the inventory and map as the open space index of themunicipality (id., § 239-y[1][b] and [c], [2]). Once established, "a conservation board shall" review applications seeking approval for the use or development of open land areas listed in the open space index as submitted to the local legislative body, the building department, zoning board, planning board, board of appeals or other administrative body (id., § 239-y[3][a]). The Board is required to submit, within 45 days of receipt of an application, a written report to the referring body evaluating the proposed use or development of the open area in terms of the overall planning objectives of the municipality (ibid.). The report must include recommendations as to the most appropriate use or development of the land and may include preferable alternate use proposals (ibid.).
In a telephone conversation, you informed us that there is concern in your town about prospective construction delays that may eventuate with the establishment of a Conservation Board possessing these review powers. You have proposed as a means of addressing this problem either reducing the 45 days granted for review or eliminating review of applications submitted for building permits. Since State law establishes the 45-day period and requires review by the Board of all applications seeking use or development of open land areas listed in the open space index, you are concerned that the proposed local action will conflict with State law.
We have previously concluded that towns, villages and cities are authorized to adopt zoning regulations by local law (Op Atty Gen [Inf] 82-48). This conclusion was founded on the authorization for such local governments to adopt local laws in exercising the authority granted to them in the Statute of Local Governments (Municipal Home Rule Law, §10[1][ii][a][14]), and the grant by the Statute of Local Governments of the authority to adopt zoning regulations (§ 10[6]). Additionally, local governments are empowered to adopt local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, §10[1][ii][a][12]). Local laws adopted under these authorizations must be consistent with the Constitution and with "general laws" enacted by the State Legislature (id., § 10[1][ii]). Also, the Legislature may restrict the adoption of a local law relating to a subject outside the property, affairs and government of a local government (ibid.).
In our opinion, the proposed modifications of a Conservation Board's powers falls within the scope of home rule power cited above. However, you are concerned that such a local law would be inconsistent with a general law. A general law is "a state statute which, in terms and in effect applies alike to all counties, all counties other than those wholly included in a city, all cities, all towns or all villages" (id., § 2[5]). The decision to establish a Conservation Advisory Council is discretionary (General Municipal Law, § 239-x[1]). Local governments that have created a council have the option to redesignate the council a "Conservation Board" (id., § 239-y[2]). Once established, the board has certain duties, which are defined by State law (id., § 239-y[3]). The question is whether these duties have been established by a "general law", thus requiring that a local law be consistent with its provisions.
In our opinion, section 239-y of the General Municipal Law is not a general law in the home-rule context. It does not in terms and in effect apply alike to all towns. By its terms, it establishes standards only in those towns which create a Conservation Advisory Council and choose to designate the council a "Conservation Board". In effect, it applies only to those towns that have taken this action. In Johnson vEtkin, 279 N.Y. 1 (1938), the question was whether the Optional City Government Law was a general law, thus requiring that a local law amending the city charter be consistent with its provisions. The Court determined that the statute was not a general law.
 "The Optional City Government Law is not binding upon all cities; only eight so far have chosen to come within it. It is optional. It may or may not become part of the city charters and is dependent for operation upon the electors of each city. This is not a general law, immediately effective and operative in all cities alike. It may operate in one city when adopted and not in another. Its effectiveness as a law — its force as a law is not general; it would only become general in effect when adopted by all cities in one form or another." (Id., p 6.)
Section 239-y of the General Municipal Law similarly establishes options for towns, cities and villages, and therefore, is not a general law. A local law need not be consistent with its provisions. The proposed local law is not inconsistent with any provision of the Constitution nor has the Legislature restricted the adoption of the proposed local law.
Towns, cities and villages by resolution are authorized to redesignate Conservation Advisory Councils as Conservation Boards (General Municipal Law, § 239-y[2]). However, a local government is authorized to adopt local laws where and to the extent that its legislative body has power to act by ordinance, resolution, rule or regulation (Municipal Home Rule Law, § 10[2]). Consequently, your town, through enactment of a single local law, may redesignate the Council as a Board and modify the review powers of the Board.
We conclude that a local government by local law may modify the review powers of a conservation board.